Macay, Judge.
This debt became due the 22d day of June, 1774. Samuel Cornell continued in this State, then province of North-Carolina, until the 17th day of August, 1775, above one year after the money was payable. It was then the duty of Britain King to have paid the debt; and having failed to do what he ought to have done, he must answer the consequences. 1 Fonb. 424, 425. The jury have allowed interett only from the issuing of the writ, 13th day of August, 1798. I am, therefore, of opinion a new trial ought to be granted.
*447 Johnston, Judge.
-It is a settled rule both in law and equity, that the plaintiff shall recover interest from the time his debt became due. " It is the constant practice", says Lord Thurlow, at Guildhall, " either by the contract, or in dama-" ges, to give interest on every debt it bears interest from that time, Esp. 170, Blaney vs. Hendrick, 3 Wels. 205. Now the note, in this case, became due June, 1774, at which time it became the duty of the defendant to pay, or tender the money; on his failure, he became bound to pay interest as damages for the detention. The plaintiff’s intestate did not leave the country until upwards of a year after the note became due; his leaving the country afterwards is no reason why the defendant should be excused from the payment of interest, as the first default was in him; and if from this, he now suffers any inconveience, it cannot be charged to the absence of the inestate. “ But every man must suffer for “ his own delay or neglect. And, therefore, he “ who does not perform his part of the contract " at the time agreed on by the parties, or ap-" pointed by law, must stand to all the conse-" quences.” 1 Fonb. 424, 425. 2 Fonb. 431." And a Court of Equity will not give relief in such cases. It is unnecessary to decide in this case, how far a defendant would be liable to the payment of interest, where at the time when the money became due,the plaintiff was absent from the country and had carried the evidence of the debt with him; or dead, and no person legally authorised to receive the debt and give a discharge; so that the defendant had it not in his power to comply with the contract: therefore *448 I give no opinion as to that point. I have not, however, been able to discover from my researches, any case where the defendant has been excused from the payment of interest under such circumstances. The general principle seems to be, that the defendant having the possession and use of the money, the presumption is, that he made a profit from it equal to the interest. But this appears to me to be a principle, which, would, is strictly applied, impose a very great hardship, if not a manifest injustice, on a punctual and conscientious debtor, who had provided the money at the day, and held it at his own risk, till there was a person who had a right to receive it, and to whom he could pay it with safety.
I am of opinion, under the circumstances of this case, that the plaintiff is entitled to interest, in damages, from the time that the note became due, deducting only the time of the war, as regulated by the act of Assembly, till the time of entering the verdict. 2 Bur. 1077, 1094. 3 Bur. 1375; 5. Term Rep. 556.
Judge Taylor and Judge Hall, concurred with tins opinion.—Rule made absolute.